IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TWENTY-FIRST CENTURY TECHNOLOGIES, INC., <br> PLAINTIFF, <br><br> V. <br><br> CHICONY ELECTRONICS CO., LTD., <br> DEFENDANT. | CAUSE NO. 1:16-CV-16-LY |

# ORDER

Before the court in the above styled and numbered action are Defendant's Motion to Dismiss filed April 4, 2016 (Clerk's Doc. No. 7) by Defendant Chicony Electronics ("Chicony"); Plaintiff's Response to Defendant's Motion to Dismiss filed April 27, 2016 (Clerk's Doc. No. 12) by Plaintiff Twenty-First Century Technologies ("Twenty-First Century"); and Chicony's Reply in Support of Motion to Dismiss filed May 13, 2016 (Clerk's Doc. No. 18).[1]  Having considered the motion, the response, the reply, the complaint, and the applicable law, the court will deny the motion for the reasons that follow.

## I. BACKGROUND

As alleged in the complaint, Twenty-First Century is in the business of developing backlit computer keyboards that are operable in dark and low-light environments. In 2000, Twenty-First Century contacted Chicony, a "worldwide leader in the manufacture and distribution of keyboards," to discuss a potential "strategic business partnership." Twenty-First Century alleges that Chicony expressed interest in partnering or otherwise collaborating with Twenty-First

---

[1] Also before the court is Chicony's Unopposed Request for Oral Hearing filed May 13, 2016 (Clerk's Doc. No. 19). The positions of the parties are well-briefed, and the court concludes that an oral hearing is not necessary for resolution of the issues presented. Accordingly, the court will deny the request.

Century in order to license and manufacture keyboards incorporating Twenty-First Century's technology. Before pursuing any relationship further, however, Twenty-First Century requested that Chicony sign a non-use and non-disclosure agreement (the "Agreement"). In December of 2000, the parties executed the Agreement, which provided that Chicony would only use Twenty-First Century's confidential information regarding its technology to "evaluate" a prospective business relationship and would not "copy or otherwise reproduce, reverse engineer, . . . or make commercial use of" such information. The Agreement further obligated Chicony to "protect" the confidential information "against unauthorized use, loss, theft or disclosure" and to "promptly return" it when requested by Twenty-First Century.

After signing the Agreement, Twenty-First Century disclosed extensive information about "its inventions, product lines, technology, and business plans" to Chicony and furnished Chicony with a prototype keyboard that embodied its proprietary backlighting technology. In July of 2001, Twenty-First Century requested that Chicony return the prototype as required under the terms of the Agreement. Chicony responded that it had "lost" the prototype and informed Twenty-First Century that it was not "ready" to enter a partnership. However, according to Twenty-First Century, Chicony continued to represent that it intended to collaborate with Twenty-First Century at some undetermined point in the future "when the demand warranted Chicony's entrance into the backlit keyboard product space." Twenty-First Century claims that the two companies continued to communicate about—and Chicony continued to represent that it wanted—a business relationship until 2006, when Chicony executives stopped returning Twenty-First Century's phone calls. Neither party disputes that the only communication between Twenty-First Century and Chicony after 2006 was a Chicony

representative's February 11, 2011 LinkedIn message advertising the opening of a sales-manager position at Chicony.

Twenty-First Century alleges that, regardless of whether Chicony lost interest in pursuing a formal business relationship, the Agreement at all times remained in effect. Twenty-First Century discovered information in 2015, however, that caused it to believe Chicony had breached the Agreement—specifically, Twenty-First Century obtained an electroluminescent backlit keyboard that Chicony had manufactured for Acer, a third-party computer company. Twenty-First Century claims that an examination of the keyboard revealed that "Chicony had made use of [Twenty-First Century]'s product and its underlying invention in violation of its non-use obligations." Upon further investigation, Twenty-First Century came to believe that Chicony had been supplying Acer with Twenty-First Century's proprietary technology since 2012.

Twenty-First Century subsequently commenced this action, asserting claims under Texas law for (1) breach of contract, (2) fraud, (3) unfair competition by misappropriation, (4) unjust enrichment, and (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"). Chicony responded by moving to dismiss the action, arguing that Twenty-First Century's various claims are barred by the applicable statutes of limitations. *See* FED. R. CIV. P. 12(b)(6).

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a Rule 12(b)(6) motion, "the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all

reasonable inferences in favor of the plaintiff." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tex. 2009). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Thus, where a plaintiff has invoked the discovery rule or fraudulent concealment as a basis for tolling or delayed accrual of a cause of action, and the plaintiff's complaint "at least plausibly sets out facts where [they] might apply," the court "cannot resolve that issue in the context of" a Rule 12(b)(6) motion to dismiss. *Janvey v. Suarez*, 978 F. Supp. 2d 685, 708 (N.D. Tex. 2013) (quoting *Cypress/Spanish Ft. I, L.P. v. Prof'l Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 707–08 (N.D. Tex. 2011)).

## III. ANALYSIS

Chicony argues in its motion to dismiss that all of Twenty-First Century's claims are barred by limitations, as Twenty-First Century's complaint establishes that the claims accrued by the time Chicony ceased contact with Twenty-First Century in 2006. Twenty-First Century responds that its claims could not have accrued before 2012, when Acer keyboards containing its technology first appeared on the market. Additionally, Twenty-First Century argues that its complaint presents a factual basis for applying the discovery rule and the doctrine of fraudulent concealment, either of which would prevent limitations from running until Twenty-First Century uncovered Chicony's wrongdoing in 2015.

In a diversity case such as this, where the causes of action arise under Texas law, federal courts apply Texas statutes of limitations and attendant rules regarding accrual and tolling. *See Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001). In Texas, a cause of action ordinarily accrues and the statute of limitations begins to run when "facts come

4

into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). Put another way, a limitations period generally begins to run from the time "a wrongful act causes legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). In two limited and distinct circumstances, however, the running of a statute of limitations may be delayed until the plaintiff uncovers facts suggesting that he has been injured. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 736 (Tex. 2001). First, if "the nature of the injury" that the plaintiff has suffered is "inherently undiscoverable" and "the injury itself" is "objectively verifiable," then the "discovery rule" defers accrual of the cause of action stemming from that injury until the plaintiff knows or, exercising reasonable diligence, should know of the facts giving rise to it. *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357–58 (5th Cir. 2008). Second, "[w]hen a defendant is under a duty to make a disclosure but conceals the existence of a cause of action from" the plaintiff, the "fact-specific" equitable doctrine of fraudulent concealment tolls the statute of limitations until the plaintiff "learns of the right of action or should reasonably have discovered it." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229–30 (Tex. 2015) (citing *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983)).

Twenty-First Century asserts claims in the present case for breach of contract, fraud, unfair competition by misappropriation, unjust enrichment, and violations of the DTPA. The court will address the timeliness of each claim in turn.

## A. Breach of Contract

The statute of limitations for breach-of-contract claims is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015). Chicony argues that Twenty-First Century's breach-

of-contract claim is time-barred, because the claim accrued and limitations began to run when Chicony breached the Agreement by failing to return Twenty-First Century's confidential information at the conclusion of the parties' discussions in 2006. However, although it is true that breach-of-contract claims accrue at the time the contract is breached, the relevant measuring point for accrual purposes is the breach that constitutes the injury *upon which the plaintiff has sued*. *See Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006) (claims for "serial breaches" accrue "immediately upon the occurrence of each breach"); *Pickett v. Keene*, 47 S.W.3d 67, 77 (Tex. App—Corpus Christi 2001, pet. dism'd) (breach-of-contract claim accrued when contract was treated as terminated, rather than upon occurrence of breach plaintiff "never complained of"). Twenty-First Century's breach-of-contract claim in this case stems from the *use* of its proprietary technology and confidential information in Acer keyboards beginning in 2012 and continuing through 2015. Depending on when in 2012 that use first occurred, Twenty-First Century's complaint may have been filed within four years of all of the relevant conduct. As such, viewing the complaint in the light most favorable to Twenty-First Century, the court cannot say that Twenty-First Century's breach-of-contract claim is time-barred as a matter of law.

## B. Fraud

The statute of limitations for fraud claims is four years. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West 2002). Chicony contends that Twenty-First Century's fraud claim is likewise time-barred, as any alleged fraud "had clearly achieved its end in 2006." Chicony's position, however, relies on the mistaken assumption that fraud claims accrue when the fraud *occurs*. On the contrary, fraud claims accrue when "the fraud is discovered or the exercise of reasonable diligence would discover it." *Hooks v. Samson Lone Star, LP*, 457 S.W.3d 52, 57 (Tex. 2015); *see also Emerald Oil*, 348 S.W.3d at 216 ("The statute of limitations for fraud

begins to run from the time the party knew of the misrepresentation."). Thus, although Chicony's allegedly fraudulent representations in this case were made by 2006, Twenty-First Century's claim could not have accrued until information existed that could reasonably have led Twenty-First Century to discover the fraudulent nature of those representations. Because the Acer keyboards incorporating Twenty-First Century's technology did not become available until 2012, Twenty-First Century could not have known about any alleged fraud on Chicony's part until at least that time. Therefore, the court cannot conclude at this juncture that Twenty-First Century failed to raise its fraud claim within four years of accrual.

## C. Remaining Claims

The statute of limitations for unfair competition, unjust enrichment, and DTPA claims is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2015); Tex. Bus. & Com. Code Ann. § 17.565 (West 2011). With respect to these remaining claims, the court concludes that Twenty-First Century's complaint presents a plausible basis for applying either the discovery rule or the doctrine of fraudulent concealment. First, the discovery rule is expressly codified in the DTPA's statute of limitations, which provides that such claims must be brought within two years after the date on which the deceptive act occurred "or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of" the act. Tex. Bus. & Com. Code Ann. § 17.565. Thus, "[t]he discovery rule always applies to DTPA claims." *Zimmerhanzel v. Green*, 346 S.W.3d 721, 725 (Tex. App.—El Paso 2011, pet. denied); *see also KMPG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999).

Additionally, reading Twenty-First Century's complaint in the light most favorable to it, Twenty-First Century alleges that Chicony (1) entered a contractual relationship whereby it

7

agreed to obtain consent before using Twenty-First Century's confidential information; (2) falsely represented to Twenty-First Century that it planned to license the technology covered by the Agreement when it was ready; and (3) intended for Twenty-First Century to rely on these representations while it actively pursued opportunities to use Twenty-First Century's proprietary information and technology in violation of its contractual obligations. Twenty-First Century's complaint further alleges that, in reliance on Chicony's representations, Twenty-First Century continued to believe that it would be in business with Chicony—or, at the very least, that Chicony would honor its non-disclosure and non-use obligations—until it discovered in 2015 that its technology had been incorporated into Acer computer keyboards without its consent or knowledge. These factual allegations, taken as true, raise at least a plausible basis for applying the doctrine of fraudulent concealment in order to toll the applicable limitations periods. *See, e.g., Seatrax, Inc. v. Sonbeck Intern., Inc.*, 200 F.3d 358, 366 (5th Cir. 2000) (recognizing "expressed contractual agreement restricting disclosure of . . . information" may create duty for purposes of fraudulent-concealment doctrine).

This being the case, whether and when "reasonable diligence" would uncover a right of action is ordinarily a fact question that is inappropriate for resolution in the context of a motion to dismiss.[2] *See Hooks*, 457 S.W.3d at 58 & n.7 (noting "reasonable diligence is an issue of fact"

---

[2] In *Hooks*, the Texas Supreme Court acknowledged that "when there is actual or constructive notice, or when information is 'readily accessible and publicly available,'" accrual of a claim is not delayed "as a matter of law." 457 S.W.3d at 59 (quoting *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929 (Tex. 2011)). Based on this language, Chicony argues that an Acer press release from 2012 made information on any alleged wrongdoing by Chicony "publicly available." However, as reiterated in *Hooks*, fraudulent concealment is fact-specific, and information in the public record "may exist that one is not charged with discovering." *Id.* at 60.

This court therefore declines to conclude as a matter of law that reasonable diligence would have uncovered Chicony's alleged wrongdoing in 2012 based on the existence of a single press release from Acer—a third-party company with whom Twenty-First Century apparently had no connection or business dealings—in which Chicony was not mentioned and no other

and collecting cases). Thus, accepting all well-pleaded facts in Twenty-First Century's complaint as true, the court "cannot definitively say that the discovery rule and fraudulent concealment exceptions do not postpone the date of accrual" until 2015. *USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842, 851 (5th Cir. 2009) (per curiam). Although "[f]urther discovery may reveal facts suggesting that the exceptions should not apply," *id.*, the court accordingly will not conclude at this stage of the litigation that Twenty-First Century's claims are time-barred.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's Unopposed Request for Oral Hearing (Clerk's Doc. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Clerk's Doc. No. 7) is **DENIED**.

**SIGNED** this _20th_ day of June, 2016.

```
                            LEE YEAKEL
                            UNITED STATES DISTRICT JUDGE
```

---

indication of Chicony's involvement appeared. *See Seatrax*, 200 F.3d at 367 ("sale and marketing of" products incorporating plaintiff's trade secrets "when viewed alone may not have reasonably put [the plaintiff] on notice of a cause of action").

9